**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 5:26-cv-00558-PA-KES                    Date: February 24, 2026

Title: GUSTAVO ALBERTO MIRANDA CASTRO v. WARDEN, ADELANTO ICE
PROCESSING CENTER, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENTS: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):        **Order to Show Cause Why the Petition Should Not Be Granted as Unopposed and/or Respondents Should Not Be Held in Contempt**

**I.      BACKGROUND**

On February 6, 2026, Gustavo Alberto Miranda Castro ("Petitioner") filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1).  The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") in Adelanto, California and that he is being wrongfully denied a bond hearing before an immigration judge.  (Id. at 4.)

On February 11, 2026, the Court ordered Respondents to file a notice of appearance within 3 days and respond to the Petition within 10 days.  (Dkt. 9.)  As of the date of this Order, Respondents have not filed anything in this case.

**II.      LEGAL STANDARD**

A magistrate judge's contempt authority is governed by 28 U.S.C. § 636(e).  When a magistrate judge is authorized to hear pre-trial matters pursuant to § 636(b)(1), as in this case, the magistrate judge's contempt authority is defined by § 636(e)(6)(B)(i)-(iii).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00558-PA-KES                          Date: February 24, 2026
                                                                                     Page 2

Under these provisions, a magistrate judge may investigate whether further contempt proceedings are warranted and, if the magistrate judge so finds, certify such facts to a district judge.  28 U.S.C. § 636(e)(6)(B)(iii); see also Alcalde v. NAC Real Estate Invs. & Assignments, Inc., 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008).  Specifically, upon finding an act constituting a civil contempt:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.  The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).  Under this process, the magistrate judge functions to certify the facts and not to issue an order of contempt.  See Bingman v. Ward, 100 F.3d 653, 656-57 (9th Cir. 1996); see also John Hancock Life Ins. Co. (United States of Am.) v. Wu, No. 23-cv-02700, 2025 WL 1343618, at *2, 2025 U.S. Dist. LEXIS 88462, at *4 (N.D. Cal. May 8, 2025) ("A magistrate judge may investigate whether further contempt proceedings are warranted and, if the magistrate judge so finds, certify such facts to a district judge.").

**III.    CONCLUSION**

IT IS HEREBY ORDERED that, **on or before March 3, 2026**, Respondents shall show cause in writing, if any they have, why the Magistrate Judge should not recommend that the District Judge grant the Petition and/or certify the facts set forth in this Order to initiate civil contempt proceedings before the District Judge.

Respondents may discharge this Order to Show Cause by filing a response to the Petition that complies with the Court's order of February 11, 2026.

Initials of Deputy Clerk jd