UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-558 PA (KESx) | Date | May 21, 2026 |
|---|---|---|---|
| Title | Gustavo Alberto Miranda Castro v. Warden, Adelanto ICE Processing Center | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        IN CHAMBERS - COURT ORDER

Before the Court is an "Emergency Motion to Reinstate Temporary Injunctive Relief and Preserve Jurisdiction Pending Resolution of Habeas Petition," filed by petitioner Gustavo Alberto Miranda Castro (Petitioner"), who is represented by counsel. (Docket No. 25). The Court construes Petitioner's filing as an Ex Parte Application for a Temporary Restraining Order ("TRO Application").[1] The federal government respondents ("Respondents") oppose the TRO Application. (Docket No. 26.) Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

## I.        **Factual and Procedural Background**

Petitioner was detained in on January 21, 2026 and filed this habeas action on February 6, 2026. According to the Petition, Petitioner was ordered removed in 2021 but was not removable to his country of citizenship, El Salvador, because he had been granted deferral of removal under the Convention Against Torture. (Docket No. 1 ¶¶ 5-7.) Petitioner was at some point released from ICE custody and then re-detained at a routine check-in. (Id. ¶ 10.) The Petition challenged the legality of Petitioner's detention, arguing that Petitioner had been denied an individualized bond hearing contrary to law and in denial of his Fifth Amendment Due Process rights. On February 11, 2026, the assigned Magistrate Judge entered an order enjoining Respondents from transferring Petitioner out of the Central District of California during the pendency of this habeas proceeding. (Docket No. 9.)

Respondents filed an Answer to the Petition, in which they explained that Petitioner had been re-detained in January 2026 "in order to effectuate his removal to a third country, Mexico." (Docket No. 12.) On March 25, 2026, the Magistrate Judge issued an order dismissing the

---

[1]        Although labeled as a Motion, Petitioner filed the document on an ex parte basis and does not comply with the requirements for motions under Local Rules 6-1 and 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-558 PA (KESx) | | Date | May 21, 2026 |
|---|---|---|---|---|
| Title | Gustavo Alberto Miranda Castro v. Warden, Adelanto ICE Processing Center | | | |

Petition with leave to amend.  The Magistrate Judge concluded that "the Court cannot say that the Petition states a claim for relief" in light of concessions that Petitioner had made in his Reply, including that Petitioner's detention "most likely falls under the post-final-order framework of [8 U.S.C.] § 1231(a), not § 1226(a)," and that "Section 1231(a) does not expressly provide a statutory bond hearing before an Immigration Judge after a final order of removal." (Docket No. 15 (quoting Docket No. 14 at pp. 2–3).)

Petitioner filed the operative First Amended Petition on April 2, 2026.  (Docket No. 16.) The First Amended Petition challenges the legality of Petitioner's detention on the grounds that there is no significant likelihood of his removal in the reasonably foreseeable future; that detaining Petitioner "based solely on speculative third-country removal" is arbitrary and capricious, and that ICE's "internal review process (including the 'informal interview')" regarding Petitioner's detention is constitutionally deficient and violates his Due Process rights. (Id. ¶¶ 18–27.)

After reviewing the First Amended Complaint, and in light of Respondents' stated intention to remove Petitioner to Mexico, the Magistrate Judge issued an order requiring supplemental briefing on the issue of whether Petitioner's removal to Mexico could be accomplished swiftly if the injunction were lifted.  The Magistrate Judge noted,

> It appears undisputed that Petitioner Gustavo Alberto Miranda Castro ("Petitioner") is subject to a final order of removal. . . .  In February 2026, Respondents proposed removing him to Mexico and detained him for that purpose.  In briefing in this case, Petitioner has not objected that he will be subject to torture in Mexico.  Rather, he contends that he has been in custody for three months and there is no significant likelihood of his removal to Mexico in the reasonably foreseeable future.

(Docket No. 20.)  After considering Respondents' supplemental briefing, the Magistrate Judge lifted the injunction on May 5, 2026, and ordered Respondents to file a status report advising whether Petitioner has been removed to Mexico and, if not, describing the steps taken to end his detention by effectuating removal.  (Docket No. 22.)  On May 19, 2026, Respondents filed a status report indicating that Petitioner was transferred to El Paso, Texas on May 9, 2026, and that he is currently scheduled to be removed on foot to Mexico on May 22, 2026 via the Santa Teresa port of entry in New Mexico.  (Docket No. 24.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-558 PA (KESx) | Date | May 21, 2026 |
|---|---|---|---|

| Title | Gustavo Alberto Miranda Castro v. Warden, Adelanto ICE Processing Center |
|---|---|

Petitioner now seeks to reinstate the previously-ordered injunctive relief and enjoin Respondents from removing him to Mexico pending final adjudication of this habeas action.

## II.    Legal Standard

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20, 129 S. Ct. 365 (2008).  "A preliminary injunction is an extraordinary remedy never awarded as of right."  Id. at 24.  The Ninth Circuit employs a "sliding scale" approach to preliminary injunctions as part of this four-element test.  All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).  Under this "sliding scale," a preliminary injunction may issue "when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," as long as the other two Winter factors have also been met.  Id. (quoting Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008)).  "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)).

## III.    Analysis

### A.    Procedural Defects

At the time Petitioner initiated this case, he filed an Ex Parte Application for a TRO (Docket No. 3), which the Court denied without prejudice on February 10, 2026 (Docket No. 8.) As the Court previously explained in its Order denying the previously-filed TRO application:

> In order to seek relief on an ex parte basis, the moving party is required "(a) to make reasonable, good faith efforts orally to advise counsel of all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application."  L.R. 7-19.1.  Where, as here, the adverse party has not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-558 PA (KESx) | Date | May 21, 2026 |
|---|---|---|---|
| Title | Gustavo Alberto Miranda Castro v. Warden, Adelanto ICE Processing Center | | |

received notice of the motion, the Court may issue a temporary restraining order "only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1); see also L.R. 7-19.2 (allowing for waiver of the notice requirements under L.R. 7-19.1 for a TRO where the requisite showing under Fed. R. Civ. P. 65(b) has been made).

(Docket No. 8 at p. 2.) Despite the Court's prior instruction, Petitioner again offers no indication that he complied with Local Rule 7-19's notice requirements prior to filing this TRO Application. Indeed, Respondents confirm that Petitioner's counsel did not notify Respondents' counsel or seek counsel's position prior to filing the TRO Application. (Opp'n at p. 2.) Nor has Petitioner sought a waiver of this requirement or met his burden of showing why such notice should be excused. See Fed. R. Civ. P. 65(b)(1); L.R. 7-19.2. Petitioner may not circumvent Rule 65 and Local Rule 7-19's requirements by merely labeling his filing an "Emergency Motion."

Thus, while the Court considers Petitioner's TRO Application on the merits, Petitioner's repeated failure to comply with the notice requirements for ex parte relief supports denial of the TRO Application. See Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (stressing that "courts have recognized very few circumstances justifying the issuance of ex parte [relief]"). Petitioner is advised that further violations of the Federal Rules of Civil Procedure, the Local Rules, or this Court's Orders may result in the imposition of sanctions.

## B.     **Winter Factors**

Under the Immigration and Nationality Act, a noncitizen subject to a final order of removal is generally detained during a 90-day "removal period." See 8 U.S.C. § 1231(a)(1)(A). Detention during this period is typically mandatory. See 8 U.S.C. § 1231(a)(2). After that time, detention is within ICE's discretion under 8 U.S.C. § 1231(a)(6). In Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491 (2001), the Supreme Court held that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention. Instead, the Court interpreted the statute in light of constitutional due process concerns and established a presumptive six-month limit on post-order detention. After that period, if the noncitizen shows "good reason to believe that there is no significant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-558 PA (KESx) | | Date | May 21, 2026 |
|---|---|---|---|---|
| Title | Gustavo Alberto Miranda Castro v. Warden, Adelanto ICE Processing Center | | | |

likelihood of removal in the reasonably foreseeable future," the burden shifts to the government to rebut that showing. Id. at 701.

Upon release from custody, a noncitizen subject to a final order of removal must comply with certain conditions of release. See 8 U.S.C. §§ 1231(a)(3) & (6). The revocation of that release is governed by 8 C.F.R. § 241.13(i), which authorizes ICE to revoke a noncitizen's release for purposes of removal. ICE may revoke a noncitizen's release and return them to ICE custody due to failure to comply with any of the conditions of release or if, "on account of changed circumstances, the Service determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." 8 U.S.C.§ 241.13(i).

Here, Petitioner does not challenge the validity of his final removal order, or that 8 U.S.C. § 1231(a)(6) governs his detention.[2] Rather, Petitioner argues that Respondents' representations concerning Petitioner's removal are "largely conclusory" because they have not provided sufficient evidence that Petitioner's scheduled removal "will in fact succeed once attempted." (TRO Mot. at p. 3.) Petitioner also argues that this habeas action "raises unresolved constitutional questions independent of the ultimate validity of Petitioner's removal order" and that his removal would deprive him of an opportunity to litigate those issues. (Id.)

Applying the Winter factors, the Court first concludes that Petitioner has not shown a likelihood of success on the merits of any of his claims. Each of Petitioner's asserted claims challenges the legality of his detention pending removal to a third country. However, because Petitioner has not plausibly alleged that his post-removal-order detention has exceeded six months, the presumptively reasonable period of detention set forth under Zadvydas has not yet expired. Moreover, Petitioner has not provided "good reason to believe that there is no

---

[2] As a threshold matter, Respondents argue in their Opposition that pursuant to 8 U.S.C. § 1252(g), the Court lacks jurisdiction to enjoin Petitioner's removal. Section 1252(g) says that no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act. However, section 1252(g) is narrowly construed and generally does not bar collateral challenges to removal, including challenges to detention pending removal. See, e.g., Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."). Because Petitioner does not directly challenge his removal in this action, the Court concludes that Section 1252(g) does not bar the Court from considering the merits of Petitioner's TRO Application.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 26-558 PA (KESx) | Date | May 21, 2026 |
|---|---|---|---|
| Title | Gustavo Alberto Miranda Castro v. Warden, Adelanto ICE Processing Center | | |

significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. While Petitioner faults Respondents for not offering sufficient proof that Petitioner's removal to Mexico will be carried out successfully, Respondents have offered a sworn declaration by an ICE Deportation Officer confirming Petitioner's scheduled removal date and location, and confirming that "[t]here are no current impediments to the execution of Petitioner's removal order." (Docket No. 24-1, Declaration of Brandon A. Lomeli ¶¶ 18–19.) On the record before the Court, there is no basis to suspect that Petitioner's removal will not be carried out in the reasonably foreseeable future. Nor has Petitioner shown a likelihood of success on his challenge to the legality of ICE's "internal review process (including the 'informal interview')" in connection with his detention. The First Amended Petition does not allege that ICE failed to follow its own revocation procedures under 8 C.F.R. § 241.13(i), and Petitioner's allegations fail to identify what additional procedural protections were required or to demonstrate that the provision of such procedural protections would support his release from detention. Thus, Petitioner fails to satisfy the first Winter Factor.

Importantly, moreover, Petitioner fails to show that he faces irreparable harm absent injunctive relief halting his removal to Mexico. To the contrary, Petitioner's removal, which he does not challenge in this action, will end his allegedly prolonged detention—the very injury that forms the basis for his habeas claims in this action. Even assuming that Petitioner's removal would moot his claims and prevent him from further litigating them in this action, Petitioner fails to plausibly show that this amounts to irreparable harm. As a result, Petitioner fails to satisfy the second Winter factor.

Because Petitioner fails to satisfy the first two elements of the Winter test, the Court does not address the remaining elements. See Winter, 555 U.S. at 20; see also Federated Indians of Graton Rancheria v. Haaland, No. 24-CV-08582-RFL, 2025 WL 271276, at *6 (N.D. Cal. Jan. 10, 2025) ("Because Plaintiff has failed to carry its burden to show a likelihood of immediate irreparable harm, the other factors need not be analyzed.").

## Conclusion

For all of the foregoing reasons, the Court denies Petitioner's TRO Application. All remaining issues concerning the First Amended Petition, including whether the First Amended Petition becomes moot upon Petitioner's removal, shall remain pending before the assigned Magistrate Judge.

IT IS SO ORDERED.